1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8

9

10

11   DAVID GOOCH,                                    )                    CV F- 06-00005 AWI DLB P
                                                      )
12                          Plaintiff,                )                    ORDER DISMISSING COMPLAINT
                                                      )                    WITH LEAVE TO AMEND
13          v.                                        )
                                                      )
14   STANISLAUS COUNTY SHERIFF,                       )
                                                      )
15                          Defendants.               )
     _____)

16

17

18          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action

19   pursuant to 42 U.S.C. sec. 1983.  Pending before the Court is Plaintiff's complaint filed January 3,

20   2006.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

21   § 636(b)(1).

22          The court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28

27   U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend

28   may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

1    Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

2        Plaintiff names the Stanislaus County Sheriff as the only defendant in this action.  Plaintiff

3    states that on November 2, 2005, he was arrested and booked in the Stanislaus County Jail.  Plaintiff

4    states that he requested protective custody because he is a drop out gang member.  Plaintiff was not

5    interviewed by a classification officer and was placed in a cell with other drop out gang members.

6    Plaintiff states that on November 14, 2005, he was assaulted by three inmates.  After two hours, a

7    deputy finally came to the cell for a count.  Plaintiff alleges the Sheriff is responsible for the failure

8    of the deputies to conduct security walks.

9        Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.

10   Hoptowit v. Ray, 682 F.2d at 1250-51; Farmer v. Brennan, 511 U.S. 825, 833 (1994).  To establish a

11   violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a

12   substantial risk of serious harm to the inmate's safety.  Farmer, 511 U.S. at 834.  The deliberate

13   indifference standard involves an objective and a subjective prong.  First, the alleged deprivation

14   must be, in objective terms, "sufficiently serious . . ."  Id. at 834 (citing Wilson v. Seiter, 501 U.S.

15   294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to

16   inmate health or safety."  Id. at 837.

17       Supervisory personnel, such as the Stanislaus County Sheriff, are generally not liable under

18   section 1983 for the actions of their employees under a theory of respondeat superior and, therefore,

19   when a named defendant holds a supervisorial position, the causal link between him and the claimed

20   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th

21   Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941

22   (1979).  To show a prima facie case of supervisory liability, plaintiff must allege facts indicating that

23   supervisory defendants either: personally participated in the alleged deprivation of constitutional

24   rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a

25   policy "so deficient that the policy itself is a repudiation of constitutional rights" and is "the moving

26   force of the constitutional violation."  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v.

27   List, 880 F.2d 1040, 1045 (9th Cir. 1989).

28

U.S. District Court
E. D. California

1    _____Plaintiff has not alleged any facts indicating that the Sheriff personally participated in the

2    alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them;

3    or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of

4    constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at

5    646.  Consequently, plaintiff has failed to state a cognizable claim for relief against the Sheriff, who

6    is the only named defendant.

7         Accordingly, the Court finds it necessary to dismiss the complaint in its entirety.  The Court

8    will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint.  Failure to cure

9    the deficiencies will result in dismissal of this action without leave to amend.

10        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

11   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy,

12   625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named

13   defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

14   affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v.

15   Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

16   588 F.2d 740, 743 (9th Cir. 1978).

17        In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to

18   make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

19   complaint be complete in itself without reference to any prior pleading.  This is because, as a

20   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d

21   55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer

22   serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,

23   each claim and the involvement of each defendant must be sufficiently alleged.

24        In accordance with the above, IT IS HEREBY ORDERED that:

25             1.  Plaintiff's complaint is dismissed;

26             2.  The Clerk's Office shall send plaintiff a complaint form; and

27             3.  Plaintiff is granted thirty days from the date of service of this order to file an

28

1  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of

2  Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket

3  number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original

4  and two copies of the amended complaint; failure to file an amended complaint in accordance with

5  this order will result in dismissal of this action for failure to state a claim and failure to comply with

6  the court's order.

7

8          IT IS SO ORDERED.

9     **Dated:   December 18, 2006**          _____ **/s/ Dennis L. Beck**_____

      3b142a                                  UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28